**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Harris Lee Jackson,<br><br>        Plaintiff,<br><br>v.<br><br>Catholic Charities of the Archdiocese of St. Paul, Paul Martodam, Gary Schroeder, and Randy Leikem,<br><br>        Defendants. | Case No. 12-cv-1365 (SRN/FLN)<br><br><br>**ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION** |

Harris Lee Jackson, pro se, 2824 Park Avenue South, Minneapolis, MN 55407, Plaintiff.

Peter G. Van Bergen and Stacy L. Kabele, Cousineau McGuire Chartered, 1550 Utica Avenue South, Suite 600, Minneapolis, MN 55416; Brian M. McSherry, Margaret Ann Santos, Mark J. Condon, Johnson & Condon, PA, 7401 Metro Boulevard, Suite 600, Minneapolis, MN 55439, Defendants.

SUSAN RICHARD NELSON, United States District Judge

**I.    INTRODUCTION**

This matter is before the undersigned United States District Court Judge for consideration of Plaintiff Harris Lee Jackson's Objection (Doc. No. 36) to United States Magistrate Judge Franklin L. Noel's September 13, 2012, Report and Recommendation ("R & R"). (Doc. No. 34.) The Magistrate Judge recommended granting with prejudice Catholic Charities of the Archdiocese of St. Paul ("Catholic Charities"), Gary Schroeder, and Randy Leikem's ("Defendants")[1] motions to dismiss for lack of subject-matter

---

[1]    Defendant Paul Martodam did not file a motion to dismiss for lack of subject-

jurisdiction, (Doc. Nos. 4, 9, & 16), and denying Plaintiff's Motion to Quash Defendants' Motions to Dismiss. (Doc. No. 25.) For the reasons set forth below, Plaintiff's Objection is overruled and the Court adopts the R & R.

## II.   BACKGROUND

Plaintiff, a citizen of Minnesota, rented a room at the Bethel Hotel. (Compl., Doc. No. 1, at pp. 1–2.) The precise dates of the hotel stay are not provided. (See id.) The hotel manager, Defendant Gary Schroeder, allegedly turned off the heat, dropping Plaintiff's room temperature to below 68 degrees Fahrenheit. (Id. at p. 3.) As a result, Plaintiff claims he suffered hypothermia, which damaged the sciatic nerves in his left knee and upper legs. (Id.) At a later unspecified date, Schroeder purportedly turned on newly installed air conditioners, which the Assistant Hotel Manager turned off at Plaintiff's request. (Id.) Schroeder allegedly sent Defendant Randy Leikem, a maintenance worker, to turn on the air conditioning again on June 9, 2010. (Id.) Due to the cold room temperature, Plaintiff claims that the next day he could not feel his lower legs, fell, and ruptured a spinal disk. (Id.)

On June 7, 2012, Plaintiff filed suit against Schroeder, Leikem, Catholic Charities, and its CEO, Paul Martodam, alleging that they: (1) violated county law by keeping hotel rooms below 68 degrees Fahrenheit; (2) assaulted him by willfully attempting to cause pain

---

matter jurisdiction. For purposes of this Order, therefore, "Defendants" refers only to Catholic Charities, Gary Schroeder, and Randy Leikem. However, since it is uncontested that Defendant Martodam is a citizen of Minnesota, this Court has no subject-matter jurisdiction over a case against him brought by this Minnesota plaintiff, and accordingly, sua sponte dismisses this case against him as well.

and injury; and (3) colluded to cause injury and conceal responsibility. (Compl., Doc. No. 1, at p. 4.) He seeks over $10 million. (Id. at p. 4.) Schroeder, Leikem, Catholic Charities, and Martodam are citizens of Minnesota under 28 U.S.C. § 1332(a)(1). (Aff. of Gary Schroeder, Doc. No. 30, at p. 1; Aff. of Randall Leikem, Doc. No. 31, at p. 1; Aff. of Viola A. Crotty, Doc. No. 6, at pp. 1–2; Aff. of Paul Martodam, Doc. No. 22, at p. 1.)

Defendants filed motions to dismiss for the lack of subject-matter jurisdiction on July 10, 2012 and July 20, 2012. (Doc. Nos. 4, 9, 16.) Plaintiff filed a Motion to Quash Defendants' Motions to Dismiss on August 29, 2012. (Doc. No. 25.) The Magistrate Judge issued his R & R on September 13, 2012, recommending that this Court grant Defendants' motions to dismiss for lack of subject-matter jurisdiction with prejudice, and deny Plaintiff's Motion to Quash Defendants' Motions to Dismiss. (R & R, Doc. No. 34, at p. 2.) Plaintiff filed an Objection to the Magistrate Judge's R & R on September 26, 2012. (Objection, Doc. No. 36, at pp. 1–2.)

## III. DISCUSSION

### A. Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). The objections must be "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72; accord D. Minn. LR 72.2(b). Based on its de novo review, this Court adopts the R & R in its entirety.

### B.     Objection

Plaintiff objects to the Magistrate Judge's recommendation to grant the Defendants' motions to dismiss for lack of subject-matter jurisdiction.  (See Objection, Doc. No. 36, at p. 1.)  Plaintiff argues that Defendants "concealed evidence . . . regarding the Defendants' state citizenship" by failing to thoroughly answer interrogatories, which inhibited his ability to collect complete information on citizenship for subject-matter jurisdiction purposes.  (Id. at pp. 1–2.)

Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires that "the matter in controversy exceeds the sum or value of $75,000" and "is between citizens of different states."  See Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006).  The latter requirement necessitates complete diversity between the parties, meaning that "[n]o defendant can hold citizenship in the same state where any plaintiff holds citizenship."  Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins., 675 F.3d 1095, 1098 (8th Cir. 2012) (citation omitted).  Diversity must exist on the date the complaint is filed.  Satz v. ITT Fin. Corp., 619 F.2d 738, 742 (8th Cir. 1980).  The court may consider sworn documents and affidavits filed by the parties to determine whether diversity exists.  Id.

The Magistrate Judge properly concluded that there was not complete diversity on the date the Complaint was filed because the affidavits demonstrate that all the parties are Minnesota citizens during the relevant time period.  (See Doc. Nos. 1, 6, 6–1, 22, 26, 30, 31.)  Since all the parties are from the same state, there is no subject-matter jurisdiction

under 28 U.S.C. § 1332.[2] Therefore, the Magistrate Judge correctly granted the Defendants' motions to dismiss for lack of subject-matter jurisdiction.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's R & R (Doc. No. 11) is **ADOPTED**;

2. Defendants' motions to dismiss for lack of subject-matter jurisdiction (Doc. Nos. 4, 9, & 16) is **GRANTED**;

3. Plaintiff's motion to quash Defendants' motions to dismiss (Doc. No. 25) is **DENIED**; and

4. This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 22, 2012                       s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge

---

[2] Plaintiff argues Defendant Schroder is a citizen of Wisconsin because Plaintiff, through an internet search, discovered that there are seventeen people with the name Gary Schroeder in Wisconsin. (See Exhibit A, Doc. No. 23–1, at pp. 1–12.) Since Catholic Charities, Paul Marodam, and Randy Leikam are all citizens of Minnesota like the Plaintiff, there is no complete diversity even if Plaintiff's allegations are true.